No. 23-2165

In the

# United States Court of Appeals
## For the Fourth Circuit

───────────────

MR. DEE'S INC., on behalf of themselves and all others similarly situated; RETAIL MARKETING SERVICES, INC., on behalf of themselves and all others similarly situated; CONNECTICUT FOOD ASSOCIATION, on behalf of themselves and all others similarly situated,

*Plaintiffs-Appellants,*

v.

INMAR, INC.; CAROLINA MANUFACTURER'S SERVICES, INC.; CAROLINA SERVICES; CAROLINA COUPON CLEARING, INC.,

*Defendants-Appellees.*

───────────────

On Appeal from the United States District Court for the
Middle District of North Carolina, No. 1:19-cv-00141-WO-LPA
Hon. William L. Osteen, Jr.

───────────────

**MOTION OF THE CHAMBER OF COMMERCE
OF THE UNITED STATES OF AMERICA TO FILE AMICUS
CURIAE BRIEF IN SUPPORT OF DEFENDANTS-APPELLEES**

───────────────

| | |
|---|---|
| Jennifer B. Dickey | Brian D. Schmalzbach |
| Jonathan D. Urick | MCGUIREWOODS LLP |
| U.S. CHAMBER LITIGATION CENTER | 800 East Canal Street |
| 1615 H Street NW | Richmond, Va. 23219 |
| Washington, D.C. 20062 | Telephone: (804) 775-4746 |
| | bschmalzbach@mcguirewoods.com |

*Counsel for Amicus Curiae
Chamber of Commerce of the United States of America*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. __23-2165__    Caption: Mr. Dee's Inc., et al. v. Inmar, Inc., et al.

Pursuant to FRAP 26.1 and Local Rule 26.1,

Chamber of Commerce of the United States of America
(name of party/amicus)

who is ____amicus curiae____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO

2. Does party/amicus have any parent corporations? ☐ YES ☑ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
   If yes, identify all such owners:

i

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐ YES ☐ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐ YES ☑ NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim? ☐ YES ☑ NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Brian D. Schmalzbach     Date: February 2, 2024

Counsel for: Amicus Curiae

ii

The Chamber of Commerce of the United States of America (the "Chamber") respectfully requests leave to file the amicus curiae brief that accompanies this motion in support of Defendants-Appellees. Defendants-Appellees consent to this motion, but Plaintiffs-Appellants declined to consent.

The Chamber is the world's largest business federation. The Chamber represents around 300,000 direct members and indirectly represents the interests of more than three million companies and professional organizations of every size, in every industry sector, and from every region of the country. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly files amicus briefs in cases, like this one, that raise issues of concern to the nation's business community.

The Chamber's members and their subsidiaries are often targeted as defendants in class actions. Its members thus have a strong interest in ensuring that courts comply with the Supreme Court's class-action precedents, including undertaking the rigorous analysis required by Federal Rule of Civil Procedure 23. The Chamber is familiar with class-action

1

litigation—both from the perspective of individual defendants in class actions and from a more global perspective—and frequently files amicus curiae briefs in major Rule 23 cases, including *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021); *Tyson Foods, Inc v. Bouaphakeo*, 136 S. Ct. 1036 (2016); *Comcast Corp v. Behrend*, 569 U.S. 27 (2013); and *Walmart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). The Chamber has a significant interest in this case because the district court's applications of Article III and Rule 23 raise issues of immense significance not only for its members, but also for the customers, employees, and other businesses that depend on them. *See* U.S. Chamber of Commerce Institute for Legal Reform, *Unfair, Inefficient, Unpredictable: Class Action Flaws and the Road to Reform*, at 36-41 (Aug. 2022), https://instituteforlegalreform.com/wp-content/uploads/2022/08/ILR-Class-Action-Flaws-FINAL.pdf.

Mindful of the role of amicus curiae, the Chamber's amicus brief does not duplicate the parties' arguments. The Chamber instead seeks to provide the Court with a broader perspective on the economic effects of class actions and how they are affected by the important issues raised here, including the need for rigorous analysis of Article III predominance and the problems of

fail-safe classes. That perspective reflects the interests of the Chamber's members, who are frequent targets of this particular type of litigation.

Amicus briefs by the Chamber have been regularly accepted by federal courts of appeals and the United States Supreme Court. Other recent cases where this Court has agreed to accept an amicus brief from the Chamber in cases implicating Rule 23 issues include: *Alig v. Rocket Mortgage, LLC*, No. 19-1059) (4th Cir. 2021); and *Soutter v. Equifax Information Services, LLC*, No. 11-1564 (4th Cir. 2011).

## CONCLUSION

For these reasons, the Chamber of Commerce of the United States requests that this Court grant its motion for leave to file a brief as amicus curiae.

3

Dated: February 2, 2024

Respectfully submitted,

*/s/ Brian D. Schmalzbach*
Brian D. Schmalzbach
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-4746
bschmalzbach@mcguirewoods.com

Jennifer B. Dickey
Jonathan D. Urick
U.S. Chamber Litigation Center
1615 H Street NW
Washington, D.C. 20062

*Counsel for Amicus Curiae*
*Chamber of Commerce*
*of the United States of America*

4

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 490 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point size.

*/s/ Brian D. Schmalzbach*
Brian D. Schmalzbach

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2024, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the system.

*/s/ Brian D. Schmalzbach*
Brian D. Schmalzbach